UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                 :
**TRUSTEES OF THE UNITED PLANT AND** :
**PRODUCTION WORKERS LOCAL 175**
**BENEFITS FUNDS**, :
                        :  **MEMORANDUM DECISION**
             Plaintiffs,  **AND ORDER**
                       :
                         15-CV-01171 (AMD) (SMG)
                       :
            – against – :
                       :
                       :
**C.P. PERMA PAVING CONSTRUCTION,**
**INC.**, *et al.*, :
                       :
                  Defendants. :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        The plaintiffs brought this action against C.P. Perma Paving Construction ("Perma Paving") and its President, Charles Pasciuta, pursuant to the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, alleging failure to make fringe benefit contributions in accordance with a collective bargaining agreement. (ECF No. 1.) On March 9, 2016, I granted in part and denied in part the defendants' motion to dismiss, and dismissed defendant Pasciuta from this action. (ECF No 43.) On May 30, 2017, I denied both parties' motions for summary judgment. (ECF No. 68.)

        Before the Court is defendant Perma Paving's second motion for summary judgment. (ECF No. 109.) For the reasons that follow, I deny the motion.

## **BACKGROUND**[1]

The defendant is a construction company that does concrete, asphalt and excavation site work. (ECF No. 114, Defendant's 56.1 Statement ("Def. 56.1") ¶ 1.)[2] The parties agree that in September of 2008, a representative of Local 175 United Plant and Production Workers ("the union" or "Local 175") visited Charles Pasciuta, the President of Perma Paving, at a job site. (ECF No. 106, Plaintiffs' 56.1 Statement ("Pl. 56.1") ¶¶ 2, 13.) During that meeting, Mr. Pasciuta signed an assumption agreement with Local 175. (Pl. 56.1 ¶ 2; ECF No. 120-1.) Under that agreement, the defendant agreed to be bound by the terms of a collective bargaining agreement ("CBA") already in place between the union and the New York Independent Contractors' Alliance. (Def. 56.1 ¶ 3; Pl. 56.1 ¶ 2; ECF Nos. 120-1, 120-2.) The assumption agreement provides that the defendant "acknowledges receipt of the Alliance Collective Bargaining Agreement" and "agrees to be responsible for the payment of fringe benefit contributions due and owing pursuant to the Alliance Collective Bargaining Agreement." (ECF No. 120-1.)

---

[1] In deciding whether summary judgment is appropriate, the Court resolves all ambiguities and draws all reasonable inferences in favor of the plaintiff, the non-moving party. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008).

[2] Unless otherwise noted, the factual background is based on my review of the entire record, including the parties' 56.1 statements. The defendant asks me to deem admitted the statements in its final 56.1 statement because the plaintiffs did not file a final 56.1 counterstatement. (ECF No. 124 at 6.) Although the local rules and my individual rules require a party opposing summary judgment to submit a final version of its 56.1 counterstatement with its opposition, *see* Local Civ. R. 56.1(b) and Judge Ann Donnelly Individual Practices and Rules, R. 4(B), I base my decision on the entire record, including the 56.1 statement that the plaintiffs filed on December 18, 2019 (ECF No. 106), which responds to the defendant's earlier identical 56.1 statement. On a motion for summary judgment, the Court's consideration is limited to factual material that would be admissible evidence at trial. *Local Unions 20 v. United Bhd. of Carpenters and Joiners of Am.*, 223 F. Supp. 2d 491, 496 (S.D.N.Y. 2002). Factual allegations that are disputed without a citation to admissible evidence are deemed admitted, as long as they are also supported by the record. Local Civ. R. 56.1; *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). Factual allegations that are not disputed are deemed admitted, as long as they are also supported by the record. *Id.* I disregard any arguments in the Rule 56.1 statements. *Pape v. Dircksen & Talleyrand Inc.*, No. 16-CV-5377, 2019 WL 1435882, at *2 (E.D.N.Y. Feb. 1, 2019), *report and recommendation adopted*, 2019 WL 1441125 (E.D.N.Y. Mar. 31, 2019).

The defendant claims that Mr. Pasciuta repudiated the agreement within minutes of signing it, and tried to get the agreement back. (Def. 56.1 ¶ 13.) The union representative refused to return the agreement to Mr. Pasciuta and drove away. (*Id.*) According to the plaintiff, the CBA, which must be terminated pursuant to its terms and cannot be terminated orally, was not terminated. (Pl. 56.1 ¶ 13.)[3]

The parties disagree about Perma Paving's obligations to Local 175 pursuant to the assumption agreement and CBA, including whether Perma Paving was required to recognize Local 175 as the majority Section 9(a) representative and an exclusive collective bargaining agent, and whether Perma Paving was obligated to make contributions to any Local 175 funds. (*See, e.g.*, Def. 56.1 ¶¶ 16, 17; Pl. 56.1 ¶¶ 6, 15, 16, 17.)

The parties also dispute whether any Perma Paving employees were members of Local 175 or participated in any of its affiliated funds. (Def. 56.1 ¶¶ 6, 15, 53; Pl. 56.1 ¶¶ 6, 15, 53.) According to the defendant, none of its employees were members of Local 175 or requested that Local 175 represent them; the defendant also says that it did not designate any employees to be covered by the CBA or designate Local 175 members to do work for Perma Paving. (Def 56.1 ¶¶ 6, 15, 53; ECF No. 112 (Charles Pasciuta Decl. (Feb. 2020)) ¶¶ 3, 14, 15.) The plaintiffs respond that some Perma Paving employees had Local 175 authorization cards, demonstrating their union membership. (Pl. 56.1 ¶¶ 6, 15, 53; ECF No. 120 (Charlie Priolo Aff. (May 2020)) ¶ 9, Ex. D.)

---

[3] In my May 30, 2017 Memorandum and Order, I concluded that under Section 515 of ERISA and controlling case law, the defendant could not rely on the fact that Mr. Pasciuta repudiated the agreement as a defense for liability under the CBA. (ECF No. 68 at 5-6.)

**LEGAL STANDARD**

Summary judgment is appropriate only if the parties' submissions, including deposition transcripts, affidavits or other documentation, show that there is "no genuine dispute as to any material fact," and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the burden of showing the absence of any genuine dispute as to a material fact. *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). A fact is "material" when it "might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Barlow v. Male Geneva Police Officer Who Arrested Me on Jan. 2005*, 434 F. App'x 22, 25 (2d Cir. 2011) (citations and quotation marks omitted). Once the moving party has met its burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)).

**DISCUSSION**

**I.   Payment Obligation**

The defendant claims that it was not obligated to make any fund contributions because it "never designated any of its employees as covered by" the CBA, and its employees "were designated as represented by other unions." (ECF No. 116 at 4-5, 8.) In response, the plaintiffs claim that the terms of the assumption agreement created a payment obligation, and that some Perma Paving employees were Local 175 members. (ECF No. 121 at 6-9.)

The parties disagree about the meaning of Article III, Section 1 of the CBA, which states, in part:

> The Employer shall employ for the work under its contract to be governed by this Agreement as provided in Article II, for the classifications of work listed in Article IX, Section 6 hereof, such Employees as it may designate providing said Employees shall as a condition of employment, seven (7) days after the date of hiring, whichever is later, become Members in good standing of the Union during the term of this Agreement.

(ECF No. 120-2, art. 3 § 1.)  The defendant interprets this section to mean that the agreement applies only to employees that the employer "designate[s]" as covered by the agreement, and the defendant did not "designate" any of its employees as covered, (ECF No. 116 at 4-5, 8), although the defendant does not explain what the process of "designat[ing]" an employee as covered by the agreement entails.  The plaintiffs, on the other hand, say that this section gives the employer discretion to decide which employees perform certain types of work, outlined in Article IX, Section 6, but that it is not up to the employer to decide whether the agreement applies.  (ECF No. 121 at 6-9.)

"Summary judgment on a contract interpretation dispute is clearly permissible when the language of the contract provision in question is unambiguous," or "when the language is ambiguous and there is relevant extrinsic evidence" that "creates no genuine issue of material fact and permits interpretation of the agreement as a matter of law."  *Nycal Corp. v. Inoco PLC*, 988 F. Supp. 296, 298 (S.D.N.Y. 1997), *aff'd*, 166 F.3d 1201 (2d Cir. 1998).  The provision at issue here is not unambiguous, in my view; it is not clear that it means, as the defendant argues, that employees are covered by the agreement only if the employer designates them as covered.  Indeed, the plaintiffs' reading—that the employer may designate the employees who are to perform certain work—is more plausible.  Because the language, neither alone nor along with

5

extrinsic evidence, permits me to endorse the defendant's reading as a matter of law, I do not grant summary judgment on this ground.

To the extent that the defendant argues that none of its employees were "designated" as covered because none were members of Local 175, I decline to grant summary judgment on this ground as well, because there is a clear dispute of fact about whether any of the defendant's employees were members of Local 175. The defendant maintains that its employees were "designated" as represented by other unions, but not Local 175, and that no Local 175 members worked for Perma Paving, citing Mr. Pasciuta's declaration. (ECF No. 116 at 8; Pasciuta Decl. (Feb. 2020) ¶ 3 ("CP Perma Paving Construction Inc. and its employees . . . have since at least 2008 continuously designated and recognized Laborers' Local 1010, and not United Plant and Production Workers Local 175, as the employees' collective bargaining representative and designated for their jobs and utilized employees from Laborers' Local 1010 and not . . . Local 175."); ¶ 14 ("I never designated any CP Perma Paving Construction Inc. employee to be covered by the purported Local 175 Agreement or designated any Local 175 members to perform work for CP Perma Paving Construction Inc."); ¶ 15 ("[N]o CP Perma Paving Construction Inc. employee was ever designated to be covered by the purported Local 175 Agreement.").) The plaintiffs, however, present authorization cards for Local 175 members hired by Perma Paving as evidence that some employees were members of the union; they claim that the cards show that Local 175 union members worked for Perma Paving. (ECF No. 121 at 7; Priolo Aff. (May 2020) ¶ 9 (Perma Paving "hired several Union members") (citing Exhibit D (authorization cards for Local 175 members hired by Perma Paving)).) This is an obvious factual dispute that precludes summary judgment.

## II. Standing and Subject Matter Jurisdiction

Focusing on the case caption in the complaint, the defendant claims that the plaintiffs do not have standing and that this Court lacks subject matter jurisdiction[4]; the defendant says that the trustees are not identified by name, and there is no evidence that an entity called "United Plant and Production Workers Local 175 Benefits Fund" exists. (ECF No. 116 at 9.)[5] According to the defendant, "[i]f there is no 'United Plant and Production Workers Local 175 Benefits Fund' then there is no federal question and this Court lacks subject matter jurisdiction." (ECF No. 124 at 5.)

This purely technical objection is not a reason to grant summary judgment. The complaint repeatedly refers to the "funds," not a single fund, and states that the trustees are fiduciaries of the funds established by the CBA and Trust Indentures. (*See* ECF No. 1.) The CBA clearly identifies and states the contribution obligations to each of the funds: Local Union 175 Welfare Fund, Local Union 175 Pension Fund, Local Union 175 Annuity Fund, and Local Union 175 Apprenticeship, Skill Improvement and Training Fund. (ECF No. 120-2 at 15.) Although the caption should reflect that the plaintiffs are trustees of multiple funds, this defect does not deprive the plaintiffs of standing or the Court of subject matter jurisdiction. Accordingly, I deem the caption amended to list the plaintiffs as "Trustees of the United Plant and Production Workers Local 175 Benefit Funds," and I decline to grant summary judgment on this ground. *See In re Ace Sec. Corp. RMBS Litig.*, No. 13-CV-1869, 2015 WL 1408837, at *7 (S.D.N.Y. Mar. 26, 2015) ("There has been federal court jurisdiction over this controversy from

---

[4] There is a discrepancy between the caption in the complaint and the caption listed on the ECF docket. The caption in the complaint says that the plaintiffs are trustees of a "Fund," and the ECF caption says that they are trustees of "Funds."

[5] Although the defendant may raise a subject matter jurisdiction argument at this time, it is not clear why it waited years to raise this challenge.

the beginning, and an unclear allegation of the identity of the Plaintiff is not an obstacle to recognizing that jurisdiction. . . . The matter here is not one of attempting to retroactively create jurisdiction where it did not exist, then, but rather recognizing that a technically incorrect party may have been named as Plaintiff in the case caption.").

### III.     Validity Under 29 U.S.C. § 186(a)

When I denied the defendant's first motion for summary judgment in 2017, I rejected the argument that contribution is illegal under Section 186 because the CBA sets forth the contribution requirements in detail.  (ECF No. 68 at 6-7.)  The defendant asks me to "revisit" this issue because the CBA does not mention any obligation to a fund called the United Plant and Production Workers Local 175 Benefits Fund.  (ECF No. 116 at 9-10.)  As discussed above, the CBA clearly states the contribution obligations to each of the funds, despite the fact that the funds are collectively named in this action.  I decline to find that the CBA is invalid because of how the funds were named in this action.

### CONCLUSION

For the reasons stated above, I deny the defendant's motion for summary judgment.


**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
       September 14, 2020